UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

STEPHEN J. CANTERBURY,

    Plaintiff,

    v().

J.P. MORGAN MORTGAGE
ACQUISITION CORPORATION,

    Defendant.

Civil Action No. 3:10-cv-54

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE

Defendant, J.P. Morgan Mortgage Acquisition Corporation ("J.P. Morgan"), by and through its undersigned counsel, respectfully submits this short reply memorandum in support of its motion to dismiss the instant action with prejudice.

As J.P. Morgan noted in its motion, on December 20, 2010, the Court entered an order [Dkt. 23] granting J.P. Morgan's motion to dismiss without prejudice and providing that "Plaintiff shall have 21 days from the date of this order to file a second amended complaint." Plaintiff was thus required to have filed a second amended complaint by January 10, 2011. Despite this deadline, no second amended complaint has ever been filed.

Nevertheless, Plaintiff has filed an opposition to the motion to dismiss [Dkt. 25]. In his opposition, Plaintiff claims for the first time that the Deed of Appointment of Substitute Trustee as to Canterbury's loan is "bogus" because, Plaintiff claims, there is a staple mark on the second page of the document, but not on the first, meaning, Plaintiff asserts, that the first page was not attached to the second when the second page was signed. While Plaintiff claims that such is

1

shown by the copy of the Deed of Appointment of Substitute Trustee that is attached to Plaintiff's opposition, the undersigned is unable to discern a staple mark on *either* of the pages of the attached exhibit, and so is at a loss to understand the basis for Plaintiff's assertions in this respect.[1]  Indeed, the exhibit itself seems to indicate through the fax header at the top of both pages that the copy of the document was forwarded to counsel for Plaintiff by Mr. Canterbury himself.  Further, and more significantly, even if such were the case, there is absolutely no evidence or authority that the lack of a staple mark means that the Deed of Appointment of Substitute Trustee is a "bogus" document or lacks legal validity, as Plaintiff claims.

While Plaintiff contends that, as a result of the supposedly missing staple mark, Plaintiff "appears to have a claim against Chase and Equity Trustees that was not included in his amended complaint," such a contention fails to explain Plaintiff's failure to file a second amended complaint within the time allotted by the Court.  Further, to the extent that Plaintiff asserts that this Court would lack subject matter jurisdiction over such a claim, the undersigned is unaware of any attempt by Plaintiff to file a new complaint to that effect in Virginia state court.  Plaintiff has had ample time to take such steps, as Plaintiff readily admits that "Canterbury and his counsel had a copy of Exhibit A before this case was filed and before it was amended, and knew of this claim when the Court dismissed the claim without prejudice allowing Canterbury time to file an amended complaint."  Finally, even if such a "claim" were brought, based on the representations made in Plaintiff's opposition, it is highly unlikely that such a claim would survive a motion to dismiss in federal court or a demurrer in Virginia state court.

Plaintiff has already filed two separate lawsuits arising out of the same loan, and now hints at the possibility of a third on grounds that can only reasonably be described as specious.

---

[1] The same conclusion applies to the copy of the Deed of Appointment of Substitute Trustee that was attached to Plaintiff's original Complaint as Exhibit B.  [See Dkt. 1-3 at pp. 38-39.]

No further delaying tactics by Plaintiff should be allowed; no carve-out to the dismissal with prejudice should be permitted for Plaintiff's conjectural "missing staple mark" issue.[2]

Plaintiff also asks that the Court not dismiss his case with prejudice as to any claim that JP Morgan is not the note holder that may be based on facts that "emerge in the future." Through this argument, Plaintiff essentially concedes that his allegations in this case were based on nothing more than mere conjecture and were not well-founded. Plaintiff should not be permitted to attempt to re-litigate the issues fully briefed through the motion to dismiss in this case by bringing virtually identical claims in the future. This case, and the claims raised therein, must come to an end. J.P. Morgan's motion to dismiss this case with prejudice should be granted.

Respectfully submitted,

THOMPSON HINE LLP

Dated: February 15, 2011    By:      /s/ Eric Heyer
Eric N. Heyer
Virginia Bar No. 73037
1920 N Street, N.W.
Suite 800
Washington, D.C. 20036
Phone: (202) 331-8800
Fax: (202) 331-8330
eric.heyer@thompsonhine.com

*Counsel for Defendant J.P. Morgan Mortgage Acquisition Corporation*

---

[2] For the same reasons, Plaintiff's request for leave to file a late second amended complaint on grounds of excusable neglect should be denied.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2011, I will cause a true and correct copy of the foregoing Reply Memorandum in Support of Motion to Dismiss with Prejudice to be electronically filed and served via the Court's ECM/ECF system on the following:

>Henry W. McLaughlin, Esq.
>THE LAW OFFICE OF HENRY MCLAUGHLIN, P.C.
>Eighth and Main Building
>707 East Main Street, Suite 1375
>Richmond, Virginia 23219
>Fax: (877) 575-0245
>henry@mclaughlinvalaw.com
>
>*Counsel for Plaintiff*

>              /s/ Eric Heyer
>Eric N. Heyer
>THOMPSON HINE LLP
>Virginia Bar No. 73037
>1920 N Street, N.W.
>Suite 800
>Washington, D.C. 20036
>Phone: (202) 331-8800
>Fax: (202) 331-8330
>eric.heyer@thompsonhine.com
>
>*Counsel for Defendant J.P. Morgan Mortgage Acquisition Corporation*

4