IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEPHEN J. CANTERBURY<br>         *Plaintiff,*<br><br>    v.<br><br>J.P. MORGAN MORTGAGE ACQUISITION CORP.<br>         *Defendant.* | CIVIL ACTION NO. 3:10-CV-54<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff brought this action for declaratory relief, claiming that Defendant is not entitled to initiate foreclosure proceedings. Upon consideration of Defendant's first motion to dismiss pursuant to Rule 12(b)(6), I dismissed the case without prejudice, and allowed Plaintiff twenty-one days to file an amended complaint (docket no. 23). After Plaintiff allowed the period to elapse, Defendant filed a motion to dismiss with prejudice, which is now pending before the court. (docket no. 24). For the reasons set forth below, Defendant's motion will be granted.

A more complete statement of the alleged facts is set forth in *Canterbury v. J.P. Morgan Mortg. Acquisition Corp.*, No. 3:10-cv-54, 2010 WL 5314543 (W.D. Va. Dec. 20, 2010). In brief, the controversy arises out of a mortgage loan agreement between Steven J. Canterbury ("Canterbury") and GMAC Mortgage, LLC, the predecessor in interest to J.P. Morgan Mortgage Acquisition Corp. ("J.P. Morgan"). The loan was evidenced by a $1.2 million note secured by a deed of trust conveying an interest in Plaintiff's Gordonsville, Virginia property to trustees Brandon Beswick and Karen Morris. After Canterbury fell into arrears on the note, J.P. Morgan purported to appoint a substitute trustee, pursuant to the deed of trust, and directed it to foreclose on the property. This litigation ensued, and no sale has been consummated.

1

Plaintiff sought a declaratory judgment in state court that J.P. Morgan was not the note holder when it appointed the substitute trustee. Among other things, Plaintiff alleged that there is "a pattern and practice in the mortgage loan industry for the entity purporting to appoint a substitute trustee to identify itself as holder of the note even though the note has been endorsed in blank and is in the possession of some other entity." Am. Compl. ¶ 14. After Defendant removed the case to this court and moved to dismiss, I concluded that the factual allegations were conclusory and not sufficient to "nudge [Plaintiff's] claim[] across the line from conceivable to plausible." *Canterbury*, 2010 WL 5314543, at *6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). As noted, the dismissal order granted Plaintiff leave to amend within 21 days, but Plaintiff failed to avail himself of the opportunity.

Plaintiff's opposition to the pending motion rests on a staple mark. He theorizes that the presence of a staple mark on one page of the document styled "Deed of Appointment of Substitute Trustee," and its absence on the other pages, indicate that the document is "bogus." Plaintiff asserts that the bogus document provides an adequate factual basis for a damages claim arising out of Canterbury's embarrassment that a foreclosure sale was prematurely advertised, and "implications regarding [his] credit record." Pls.' Br. at 3. It bears noting that Plaintiff has filed no such damages claim, and it is not clear from the briefing, or argument, what specific theory of relief Plaintiff would pursue. Plaintiff further argues that equitable considerations militate against granting the motion, and asks for leave to amend on the basis of excusable neglect. He also asserts that the motion should not be granted because "facts may later be ascertained as to who is the holder of the subject note." Pls.' Br. at 4.

A court should not dismiss a case with prejudice without first allowing the plaintiff an opportunity to file an amended complaint. *Ostrzenski v. Seigel*, 177 F.3d 245, 252-253 (4th Cir.

1999). This rule gives effect to the federal policy of resolving cases on the merits, instead of on mere technicalities. *Id.* Moreover, leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). Thus, absent "bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc.," leave to amend should be granted. *Forman v. Davis*, 371 U.S. 178 (1962).

As noted, Plaintiff has failed to avail himself of the opportunity to correct deficiencies already identified in the pleadings. Moreover, he has given no reason to believe that such failure was with excusable neglect. To the contrary, Plaintiff concedes that he and his counsel had a copy of the Deed of Appointment of Substitute Trustee "before this case was filed" and they knew of the purported damages claim when the court granted Defendant's first motion to dismiss on December 20, 2010. Pls.' Br. at 3. He further concedes that he "should have filed a pleading to seek to exempt this claim from dismissal, or should have filed an amended complaint prior to the deadline set by the Court." Pls.' Br. at 4. But rather than comply with the deadline, Plaintiff waited weeks to apprise the court of the claim. Therefore, Plaintiff's delay was not excusable, and to the extent that equitable considerations are relevant, it weighs heavily against him.

Furthermore, as noted, Plaintiff has not specified what theory of relief he would pursue if granted leave to amend, and I am unaware of any cause of action that the alleged staple mark might support. Nor can the court grant leave to amend on the basis of the contention that favorable facts "may later be ascertained." There is no reason to believe that such facts will emerge. Plaintiff makes some reference to discovery, noting that he served a discovery request on Defendant in state court, prior to the removal of this case. But the court cannot revive that

request and authorize a fishing expedition. *See Carefirst of Md., Inc., v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402-40 (4th Cir. 2003).

      This litigation dates from at least March 24, 2009, when J.P. Morgan filed a motion to lift stay in bankruptcy court to allow it to proceed against the Gordonsville property. Over two years later, Plaintiff has offered no plausible facts which support the claim that J.P. Morgan is not entitled to foreclose, or that Plaintiff is otherwise entitled to any relief. In light of Plaintiff's failure to amend within the deadline set by the order of December 20, 2010, the undue harm to Defendant from further prolonging the litigation, and the apparent futility in allowing Plaintiff leave to amend, I will grant Defendant's motion.

      The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

      Entered this __30th__ day of March, 2011.

                                                    NORMAN K. MOON
                                                    UNITED STATES DISTRICT JUDGE